IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT C. ROCKWELL, Personal Representative for the Estate of Richard Gill; RODNEY ANSTETT, Personal Representative, Estate of Rodger R. Anstett; RUBEN HERNANDEZ on behalf of the Estate of Jose Angel Hernandez; KEITH CHRISTIANSON; FRANKLIN HARRIS; MARY HUNTER, Personal Representative of the Estate of Steven Hunter; BRIAN MCMANUS; JAIME MORALES, Personal Representative, Estate of Jose Morales; MARK NYLUND; BEVERLEY TANKERSLY; JAVIER VAGE; and TYRONE WALTON<br><br>          Plaintiffs,<br><br>v.<br><br>STATE OF OREGON; MAX WILLIAMS, Director of Oregon Department of Corrections; | 05-CV-694-BR<br><br>OPINION AND ORDER |

1 - OPINION AND ORDER

DAVID S. COOK, M.D,; STEVE
SHELTON, M.D., Medical
Director, Oregon Department
of Corrections; SCOTT TAYLOR;
MITCH MORROW; CATHERINE M.
KNOX; STAN CZERNIAK; TED
RANDALL; PATRICIA LILENTHAL;
WILLIAM CAHAL; JOHN M. VARGO,
D.O.; GEORGE G. DEGNER, M.D.;
ROBERT INGLE, M.D.; FIAOD EL-
EBIARY, M.D.; JERALD B. FELDER;
JAMES HARTWIG; IAN DUNCAN,
M.D.; JOHN STOUNE, M.D.;
GARTH GULICK, M.D.; MICHAEL
D. BUCK, M.D.; LARRY HERRING;
LANNY RYALS; DEBORAH REYNOLDS;
and JOHN DOES 1-100,

     Defendants.


**DAVID F. SUGERMAN**
Paul & Sugerman, PC
520 S.W. Sixth Avenue
Suite 920
Portland, OR 97204
(503) 224-6602

**MICHELLE R. BURROWS**
618 N.W. Glisan, Suite 203
Portland, OR  97209
(503) 241-1955

     Attorneys for Plaintiffs

**HARDY MYERS**
Attorney General
**LYNNE D. RENNICK**
Assistant Attorney General
433 West Tenth Avenue, Suite 102
Eugene, OR  97401
(541) 345-7200

     Attorneys for Defendants


2 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion for Reconsideration (#134) as to Franklin Harris and Motion for Clarification (#134) of Findings and Orders on ADA Exhaustion Requirements.

For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion for Reconsideration as to Franklin Harris and Motion for Clarification of Findings and Orders on ADA Exhaustion Requirements to the extent that the Court reconsiders its conclusions as to Harris's claims and clarifies its Opinion and Order as to the ADA exhaustion issue. The Court, nonetheless, adheres to its April 3, 2007, Opinion and Order in which it concluded the exhaustion requirements of the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), apply to Plaintiffs' claims. The Court also adheres to its conclusion that Plaintiff Harris did not exhaust his administrative remedies before bringing this action, and, therefore, his claims must be dismissed without prejudice.

## BACKGROUND

Plaintiff Franklin Harris was an inmate at the Oregon State Penitentiary (OSP) from May 1985 through June 1999, from November 2004 through June 2005, and from August 2005 to the present. Harris was an inmate at the Snake River Correctional Institution

3 - OPINION AND ORDER

(SRCI) from June 1999 to November 2004 and from June 2005 through August 2005.

Plaintiff Beverley Tankersley was an inmate at the Oregon Women's Correctional Center (OWCC) from May 1997 through September 2000.  Tankersley was an inmate at the Eastern Oregon Correctional Institution (EOCI) from September 2000 to April 2002.  Finally, Tankersley has been an inmate at the Coffee Creek Correctional Facility (CCCF) from April 2002 through the present.

Plaintiff Javier Vage was an inmate at SRCI from September 1997 through August 1999 and from February 2000 through August 2005.  Vage was an inmate at OSP from August 1999 through February 2000 and has been an inmate there since August 2005.

Plaintiffs bring this action against Defendants for allegedly violating their rights under the Eighth Amendment to be free from cruel and unusual punishment pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101.

On December 28, 2006, Defendants filed a Motion to Dismiss the claims of Harris, Tankersley, and Vage on the ground that they failed to exhaust their administrative remedies before bringing this action.

On April 3, 2007, the Court issued an Opinion and Order in which it granted Defendants' Motion to Dismiss on the grounds that the exhaustion requirements of the PLRA applied to

4 - OPINION AND ORDER

Plaintiffs' ADA claims as well as their § 1983 claims and Plaintiffs Harris, Tankersley, and Vage did not establish they had exhausted their administrative remedies before bringing this action.

On April 12, 2007, Plaintiffs filed a Motion for Reconsideration and Clarification in which Plaintiffs ask the Court to reconsider its conclusion as to Plaintiff Harris and seek clarification regarding the Court's conclusion as to the application of the PLRA exhaustion requirements to Plaintiffs' ADA claims.

## DISCUSSION

### I.  Motion for Reconsideration

Plaintiffs ask the Court to reconsider its conclusion that Harris failed to exhaust his administrative remedies and, therefore, that his claims must be dismissed without prejudice.

Plaintiffs concede in their Motion for Reconsideration that Harris did not exhaust his administrative remedies before filing this action.  Harris filed a grievance in January 2007 after this action was commenced.  The Ninth Circuit, however, has made clear that under the PLRA an inmate must exhaust his administrative remedies before filing an action.  *See Vaden v. Summerhill*, 449 F.3d 1047, 1048 (9th Cir. 2006).

In *Vaden*, an inmate sent a complaint to the district court

5 - OPINION AND ORDER

before he had exhausted his administrative remedies within the state-prison system. 449 F.3d at 1048. Although the plaintiff exhausted his administrative remedies by the time the district court granted him permission to proceed with his federal action *in forma pauperis*, the Ninth Circuit concluded the plaintiff had not exhausted his remedies before he filed the action in federal court and, therefore, the action must be dismissed without prejudice. *Id*. The Ninth Circuit noted the PLRA requires inmates to exhaust administrative remedies before bringing an action in federal court, and an inmate "brings an action" when he "submits [the complaint] to the court." *Id*. at 1049-50 (citing 42 U.S.C. § 1997e(a)). Accordingly, the Ninth Circuit concluded an inmate "must have entirely exhausted administrative remedies by [the time he files his complaint]." *Id*. at 1050-51.

In addition, the Ninth Circuit has held the proper course of action when an inmate files a complaint before exhausting his administrative remedies is to dismiss the action without prejudice even though "requiring dismissal may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court." The court noted "it seems apparent that Congress has made a policy judgment that this concern is outweighed by the advantages of requiring exhaustion prior to the filing of suit." *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002).

6 - OPINION AND ORDER

Harris failed to exhaust his administrative remedies before filing this action. The Court, therefore, must dismiss Harris's claims without prejudice.[1]

## II. Motion for Clarification

Plaintiffs seek clarification of the Court's conclusion that the PLRA's exhaustion requirement applies to Plaintiffs' claims under the ADA as well as to Plaintiffs' § 1983 claims. Specifically, Plaintiffs seek clarification as to whether the Court "found that all inmates are required to specifically exhaust remedies specifically referencing the ADA; as somehow different than the grievances filed for the non-treatment of their HCV status."

In its April 3, 2007, Opinion and Order, the Court did not address or intend to address the substance of Plaintiffs' grievances. The Court addressed only whether Plaintiffs Harris, Tankersley, and Vage had completed the procedural aspects of the grievance process. The Court concluded they had not and, therefore, dismissed the claims of Harris, Tankersley, and Vage without prejudice. The Court did not address grievances filed by any plaintiffs other than Harris, Tankersley, and Vage or examine the sufficiency of the substance of the grievances of Harris,

---

[1] Although the Court adheres to its April 3, 2007, Opinion and Order dismissing Harris's claims without prejudice, the Court urges the Department of Corrections to process Harris's January 2007 grievance in a timely manner.

7 - OPINION AND ORDER

Tankersley, and Vage with respect to their claims under the ADA.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion for Reconsideration as to Franklin Harris and Motion for Clarification of Findings and Orders on ADA Exhaustion Requirements to the extent that the Court reconsiders its conclusions as to Harris's claims and clarifies its Opinion and Order as to the ADA exhaustion issue.  The Court, nonetheless, adheres to its April 3, 2007, Opinion and Order in which it concluded the exhaustion requirements of the PLRA apply to Plaintiffs' claims.  The Court also adheres to its conclusion that Plaintiff Harris did not exhaust his administrative remedies before bringing this action, and, therefore, his claims must be dismissed without prejudice.

IT IS SO ORDERED.

DATED this 7th day of June, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER